**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-4620**

———————————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

TREVOR ANTWON JOHNSON,

                                    Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:04-cr-00582-TLW)

———————————

Submitted:  August 3, 2007        Decided:  August 20, 2007

———————————

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

John M. Ervin, III, Darlington, South Carolina, for Appellant.
Jonathan Scott Gasser, Assistant United States Attorney, Columbia,
South Carolina; Rose Mary Parham, Assistant United States Attorney,
Florence, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to two separate plea agreements, Trevor Antwon Johnson pled guilty to two counts of carjacking, in violation of 18 U.S.C. §§ 2119(1), 2 (2000). The district court sentenced Johnson to 312 months in prison. Johnson timely appealed. Johnson's counsel has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging the adequacy of the Fed. R. Crim. P. 11 hearings. Johnson filed a pro se supplemental brief raising issues pertaining to events antecedent to his guilty pleas.

Counsel raises as a potential issue the adequacy of the plea hearings, but does not specify any deficiencies in the district court's Rule 11 inquiries. Because Johnson did not move in the district court to withdraw his guilty pleas, any error in the Rule 11 hearings is reviewed for plain error. <u>United States v. Martinez</u>, 277 F.3d 517, 525 (4th Cir. 2002) (discussing standard). Our careful review of the record convinces us that the district court substantially complied with the mandates of Rule 11 in accepting Johnson's guilty pleas and ensured that Johnson entered his pleas knowingly and voluntarily and that the pleas were supported by an independent factual basis. <u>See</u> <u>United States v. DeFusco</u>, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious issues and have found none. We have considered the arguments raised in Johnson's pro se supplemental brief and find them to be without merit. Accordingly, we affirm Johnson's convictions and sentence. This court requires that

counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED